## GOLDSTEIN v. FRANKLIN SQUARE NAT. BANK.

### Civil No. 79.

District Court, E. D. New York.
March 13, 1939.

Nathan B. Fogelson, of New York City, for plaintiff.

Alexander Zager, of Jamaica, L. I., (Hyman Stein, of New York City, of counsel), for defendant.

BYERS, District Judge.

The plaintiff trustee in bankruptcy of Saul Finkelstein was so constituted on

June 7, 1938. He sues to recover two alleged preferential payments of $500.00 each, on December 20th and 27th, 1937, respectively, consisting of the deductions of those amounts from the bankrupt's bank account carried by the defendant.

It is asserted by the plaintiff that the right to set-off recognized by Section 68, Paragraph 1, of the Bankruptcy Act, 11 U.S.C.A. § 108, did not exist, because of the exception created by clause (2) of Paragraph b, which reads:

"b. A set-off * * * shall not be allowed in favor of any debtor [i. e., this defendant bank] of the bankrupt which * * * was purchased by * * * him [it] * * * within four months before such filing, with a view to such use and with knowledge or notice that such bankrupt was insolvent * * *."

The facts are that the bankrupt was insolvent on December 1, 1937, and filed a debtor petition under the then Section 74, 11 U.S.C.A. § 202, on January 26, 1938, and was adjudicated June 7, 1938, because of the failure of an attempted composition or extension.

The bankrupt had conducted a retail shoe store in Franklin Square, Nassau County, New York, for upwards of three years prior to December, 1937, and had maintained a commercial bank account with the defendant since April of 1935.

He had borrowed from the defendant on his unsecured notes, during most or all of that time, to a limit of $1000.00.

On November 1, 1937, he owed the bank $500.00 on a note (dated October 16, 1937) which was payable on the 15th, and borrowed another $500.00 on a note payable December 31, 1937. On November 15th, he paid the former, and two days later sought another loan of $500.00. He was told that, to accomplish that purpose, he would have to agree to move forward the due date of his then only extant note by sixteen days, from December 31st to the 15th.

He so agreed, and appropriate pencil notation was made on the face of the paper.

Then the loan of $500.00 was negotiated, which was payable on December 20, 1937.

Those notes were paid by the said deductions, as to the first on December 20th, five days after the due date; and as to the second on the 27th, or seven days after payment was due.

Those deductions constitute the transactions here challenged.

■■ The statute which has been quoted lays upon the plaintiff the burden of proving that the notes were purchased with a view to their use as a set-off, and notice of the bankrupt's insolvency.

If there is a failure of either requirement, the trustee cannot prevail.

Since insolvency on either November 1st or 17th has not been shown, notice of it could not have been brought home to the bank as of either date; nor has there been an attempt to that end.

The proof is convincing that these notes did not bring into being any new relation between the bankrupt and the defendant. He had customarily borrowed up to $1000.00 in order to finance his enterprise, and the trustee has not offered to prove the contrary. There was nothing to characterize the granting of the loan on November 17th as part of a plan to create a set-off in the possible event of financial disaster. The mere acceleration of the due date of the then existing paper of November 1st, as a condition to the procurement of the desired loan, was compatible with a belief in the continued capacity of the depositor to maintain the customary operation of his store.

The test under the statute is as to the events of November 1st and November 17th, not the occurrences of December 15th, 20th or 27th. What happened then was that the bank availed itself of an opportunity to charge the notes against the bank account as deposits made that possible; and the facts that there were overdrafts during the four days prior to December 15th, and that on that day the balance was insufficient to pay the note then due, and that such condition persisted until the 20th and thereafter for seven days—thus postponing the bank's opportunity to charge the second note against the account—are thought not to operate so as to deprive it of the statutory right of set-off.

The cases cited by both sides involve special factual situations, and therefore a closely similar recital cannot be herein quoted as authority for the conclusion reached. The case of Stevens et al. v. Bank of Manhattan Trust Co., 2 Cir., 66 F.2d 502, seems to contain the latest au-

thoritative discussion of the principles involved.

It is concluded that the defendant is entitled to a verdict and judgment in its favor. The plaintiff, being a trustee in bankruptcy, should not have to pay costs.

Settle findings and judgment.